**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LEONARDO GOMES SILVA ALVARENGA** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **MARKWAYNE MULLIN, in his Official Capacity,** | : | |
| **Secretary of the U.S. Department of Homeland** | : | |
| **Security, TODD BLANCHE, in his Official** | : | |
| **Capacity, Acting Attorney General of the** | : | |
| **United States, JOHN E. RIFE, in his Official** | : | |
| **Capacity as Philadelphia Office Director for** | : | |
| **Enforcement and Removal Operations, U.S.** | : | |
| **Immigration and Customs Enforcement, J.L.** | : | |
| **JAMISON, in his Official Capacity as Warden** | : | |
| **Of Federal Department of Corrections,** | : | |
| **Philadelphia** | : | **NO. 26-4192** |

## ORDER

**NOW**, this 22nd day of June, 2026, upon consideration of petitioner Leonardo Gomes Silva Alvarenga's Emergency Petition for Writ of Habeas Corpus and Complaint for Injunctive and Declaratory Relief (Doc. No. 1) and the government's opposition, **IT IS ORDERED** that the petition is **GRANTED**.

**IT IS FURTHER ORDERED** that:

1.      Silva Alvarenga is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

2.      The government shall release Silva Alvarenga from custody immediately and certify compliance with this order by filing proof of his release on the docket no later than **11:00 P.M. E.T.** on **June 22, 2026**.

3.      The government shall return all personal belongings confiscated from Silva Alvarenga upon his detention, including identification documents.

4.      The government is temporarily enjoined from re-detaining Silva Alvarenga for seven days following his release from custody.

5.      If the government pursues re-detention of Silva Alvarenga, it must first provide him with a bond hearing at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings.

6.      The government shall not remove, transfer, or otherwise facilitate the removal of Silva Alvarenga from the Eastern District of Pennsylvania prior to the ordered bond hearing.

7.      If the immigration judge determines Silva Alvarenga is subject to detention under 8 U.S.C. § 1226(a), the government may request permission to move Silva Alvarenga if unforeseen or emergency circumstances arise that require his removal from the Eastern District of Pennsylvania. That request must set forth the grounds for the request and a proposed destination.[1]

TIMOTHY J. SAVAGE, J.

---

[1] Silva Alvarenga, a citizen of Brazil, entered the United States near San Diego, CA around March 23, 2024. R. Deportable/Inadmissible Alien ["Form I-831"] 2, ECF No. 3-1. He was detained by U.S. Border Patrol and subsequently released due to a lack of bed space. *Id.* at 3. On June 17, 2026, Immigration and Customs Enforcement officers detained Silva Alvarenga while he was sitting in a vehicle on St. Vincent Steet in Northeast Philadelphia. *Id.* at 2; Pet. Writ Habeas Corpus 7, ECF No. 1. He has since been held at the Federal Detention Center in Philadelphia, PA. Pet. Writ Habeas Corpus 3. He has no known criminal record. Form I-831 at 3.

The government contends that detaining Silva Alvarenga without a bond hearing is lawful under 8 U.S.C. § 1225(b)(2). *See* Resp. Opp'n to Pet. Habeas Corpus, at 5–10, ECF No. 3. Section 1225(b)(2) does not apply to individuals like Silva Alvarenga, who are not actively trying to enter the country, but have been living here for an extended period. *See Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *1, *4–5 (E.D. Pa. Nov. 18, 2025). The provision that applies to Silva Alvarenga is 8 U.S.C. § 1226(a).  That provision mandates a hearing. *See* 8 C.F.R. §§ 1236.1(c)(8), (d).

We have held in a nearly identical case where the parties made the same arguments that detention without a bond hearing violates 8 U.S.C. § 1226(a) and the Due Process clause of the Fifth Amendment. *See Diallo v. O'Neill et al.*, Civ. A. No. 25-6358, 2025 WL 3298003, at *4–6 (E.D. Pa. Nov. 26, 2025). The same reasoning applies here.